UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

OLGA ZAMORA, SUSANNA RADER on
behalf of themselves and other similarly
situated persons,

          Plaintiffs,

vs.

CREDIT SUISSE FIRST BOSTON
CORPORATION,

          Defendant.

_____/

CASE NO.: 01-3645-CIV-MOORE
Magistrate Judge O'Sullivan



FILED by _____ D.C.

OCT 1 0 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

## ORDER APPROVING SETTLEMENT OF COLLECTIVE
## ACTION AND APPROVING NOTICE OF SETTLEMENT

WHEREAS, Olga Zamora and Susanna Rader ("Plaintiffs") commenced this civil action (the "Action") against their former employer Credit Suisse First Boston Corporation (together with its subsidiary Donaldson, Lufkin & Jenrette Securities Corp. ("DLJ") and all of their other direct and indirect affiliates, subsidiaries, parents, predecessors and successors, "CSFB") on August 27, 2001; and

WHEREAS, Plaintiffs brought the Action on behalf of themselves and other allegedly similarly situated persons, pursuant to 29 U.S.C. § 216(b); and

WHEREAS, Plaintiffs' Complaint alleged that CSFB failed to pay overtime compensation to them and other similarly situated employees in violation of Section 7 of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"); and

WHEREAS, additional persons have filed consent forms and joined this action, alleging that they are similarly situated and that CSFB failed to pay overtime compensation in violation of the FLSA; and

WHEREAS, CSFB denies that it owes unpaid overtime compensation to Plaintiffs or to any other member of the purported class of individuals similarly situated to Plaintiffs, denies that it has violated Section 7 of the FLSA or any other law or regulation relating to the payment of overtime or other compensation, denies all charges and claims of wrongdoing, contends that it has acted properly under all the circumstances, and contests any liability whatsoever to Plaintiffs or to any other member of the purported class of similarly situated persons; and

**EXHIBIT 3**

WHEREAS, the Court makes and has made no findings as to the proper classification of any plaintiff under the FLSA or that CSFB has engaged in any wrongdoing or in any wrongful conduct or otherwise acted improperly or in violation of any law, duty or regulation in any respect; and

WHEREAS, material issues of fact and substantial questions of law are actually in dispute between the parties; and

WHEREAS, Counsel for the Plaintiffs and Counsel for CSFB have conducted substantial discovery and have had extensive and protracted discussions concerning a resolution of the issues raised in the Action and have proposed a Settlement of those issues; and

WHEREAS, the Court has determined that the Settlement proposed by the parties is a fair and reasonable resolution of a bona fide dispute; and

WHEREAS, the Parties have consented to the entry of this Order and the Court has given the matter due deliberation.

IT IS HEREBY ORDERED that for purposes of this Order the Court adopts and incorporates the definitions in the Settlement Agreement dated September 27, 2002 (the "Agreement"), a copy of which is attached hereto as Exhibit A; and it is further

ORDERED that the Settlement by, between and among the Plaintiffs and Defendant CSFB, as set forth and embodied in the Agreement attached hereto as Exhibit A, is hereby approved; and it is further

ORDERED that within thirty (30) days after the date of entry of this Order and the time for any appeals thereof has run, as set forth in the Agreement, CSFB shall mail or cause to be mailed to the persons eligible to join the Action as parties plaintiff, as defined in the Agreement, a Notice substantially in the form of the Notice attached to the Agreement; and it is further

ORDERED that as one component of the Notice, CSFB shall distribute Settlement Checks to the Notice Recipients, as described in the Agreement; and it is further

ORDERED that CSFB shall distribute funds to Plaintiffs' Counsel, the law firm of Genovese Joblove & Battista, P.A., for attorneys' fees and costs, as described in the Agreement; and it is further

ORDERED that Counsel for the Plaintiffs shall file consent forms, substantially similar to the Consent Form included as an Exhibit to the Agreement, on behalf of all Notice Recipients who consent to join the Action as Opt-In Plaintiffs, accompanied by proof of service of such notices upon Counsel for CSFB, as soon as reasonably practicable, but in no event later than sixty (60) days after the Opt-In Deadline defined in the Agreement; and it is further

ORDERED that Counsel for the Parties, as soon as reasonably practicable after the Opt-In Deadline but no later than ten business days thereafter, shall jointly apply for entry of a Final

2

Stipulated Judgment, in substantially the form attached to the Agreement, dismissing the Action in its entirety with prejudice; and it is further

ORDERED that Counsel for the Parties, as soon as reasonably practicable after the resolution of all claims asserted in the Action, shall jointly provide the Court with a final accounting of the distribution of the Settlement Consideration and the allowance for Costs of Administration.

Dated: *October 10, 2002* Miami, Florida

SO ORDERED:

K. Michael Moore
United States District Judge

cc:
All Counsel

X:\Documents\WORK\Zamora, Olga\Forms\Order Approving Settlement of Collective Action and Approving Notice of Settlement.wpd

NY1 5133006v5