UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

OLGA ZAMORA, SUSANNA RADER on behalf of themselves and other similarly situated persons,

    Plaintiffs,

vs.

CREDIT SUISSE FIRST BOSTON CORPORATION,

    Defendant.
_____/

CASE NO.: 01-3645-CIV-MOORE
Magistrate Judge O'Sullivan



## FINAL STIPULATED JUDGMENT AND DISMISSAL OF COLLECTIVE ACTION

  WHEREAS, Olga Zamora and Susanna Rader ("Plaintiffs") commenced this civil action (the "Action") against their former employer Credit Suisse First Boston Corporation (together with its subsidiary Donaldson, Lufkin & Jenrette Securities Corp. ("DLJ") and all of their other direct and indirect affiliates, subsidiaries, parents, predecessors and successors, "CSFB") on August 27, 2001; and

  WHEREAS, Plaintiffs brought the Action on behalf of themselves and other allegedly similarly situated persons, pursuant to 29 U.S.C. § 216(b); and

  WHEREAS, Counsel for the Plaintiffs and Counsel for CSFB, after extensive and protracted discussions proposed a Settlement resolving the issues raised by the Action; and

  WHEREAS, the Court, by Order dated _____, 2002, approved the Settlement proposed by the parties, having determined that material issues of fact and substantial questions of law were actually in dispute between the parties and that the Settlement proposed jointly by the parties was a fair and reasonable resolution of a bona fide dispute; and

  WHEREAS, the Parties have certified to the Court that Notice was sent to the current or last known home addresses of those persons eligible to join the Action as Plaintiffs, pursuant to the Court's Order, and that the deadlines for joining the Action expired on **[date of Opt-In Deadline]**, 2002; and

  WHEREAS, the parties have consented to the entry of this Final Stipulated Judgment and the Court has given the matter due deliberation;

**EXHIBIT 5**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. For purposes of this Final Stipulated Judgment, the Court adopts and incorporates the definitions in the Settlement Agreement dated September 27, 2002 (the "Agreement"), a copy of which appears in the record as Exhibit A to the Court's Order dated _____, 2002.

2. This Court has jurisdiction over the subject matter of this litigation, and all claims asserted in this litigation, and over all parties to this litigation, including all Plaintiffs in this Action.

3. This Court hereby decrees that neither the Settlement, nor this Final Stipulated Judgment, nor the fact of settlement is an admission or concession by CSFB of any liability, damages or wrongdoing whatsoever. This Final Stipulated Judgment is not a finding of the validity or invalidity of any claims asserted in the Action or of any wrongdoing by CSFB. Neither this Final Stipulated Judgment, nor the Settlement, nor the fact of settlement, nor the settlement proceedings, nor the settlement negotiations, nor any related documents shall be used or construed as an admission of any fault, liability, or wrongdoing by any person or offered or received in evidence as an admission, concession, presumption, or inference against any party in any action in this or any other court or in any arbitration or state or federal agency administrative proceeding.

4. The names of all persons who filed with the Court forms of consent expressly indicating their consent to join the Action as Opt-In Plaintiffs are set forth in Schedule A attached hereto. Each person identified in Schedule A attached hereto (collectively with the "Plaintiffs," the "Settling Plaintiffs") has joined the Action as a Plaintiff and is bound by the terms of the Settlement and by this Final Stipulated Judgment.

5. This Court hereby dismisses the Action in its entirety with prejudice and dismisses in its entirety and with prejudice each and every Settled Claim as defined in the Settlement Agreement asserted by the Settling Plaintiffs, or any of them, against CSFB in the Action.

6. CSFB and all of its present or former officers, directors, principals, employees, agents, attorneys, representatives, affiliates, parents, subsidiaries, insurers, predecessors, successors or assigns are hereby and forever released and discharged by each Settling Plaintiff with respect to any and all claims, rights or causes of action arising out of or relating to any alleged violation of the FLSA, 29 U.S.C. 201 et seq., or any other federal, state or local law, statute or regulation concerning overtime wages or the computation or payment of overtime compensation, whether now known, whether based upon common, statutory, federal, state, local or other law, which have been, could have been, or in the future might be asserted in this Action, in any action in any court of competent jurisdiction, or in any arbitration or federal and/or state agency or administrative proceeding, and which arise out of or hereafter will arise out of, are in connection with, or relate to any of the allegations or claims that have been, could have been, or in the future might be asserted in this Action (the "Settled Claims").

7. Each Settling Plaintiff is hereby forever barred and enjoined from asserting any Settled Claim against CSFB or any of its present or former officers, directors, principals, employees, agents, attorneys, representatives, affiliates, parents, subsidiaries, insurers, successors or assigns, either directly or indirectly, in this Action, in any action in this or any other court, or in any arbitration or federal and/or state agency or administrative proceeding.

8. Without in any way affecting the finality of this Final Stipulated Judgment, this Court hereby retains continuing jurisdiction over the Action and over the parties thereto for purposes of adjudicating any disputes arising under, or requiring the interpretation, enforcement, or implementation of any provision of the Settlement or of this Judgment.

Dated: Miami, Florida

October 10th, 2002

SO ORDERED:

cc: All Counsel

_____
K. Michael Moore
United States District Judge

X:\Documents\WORK\Zamora, Olga\Forms\Final Stipulated Judgement and Dismissal of Collective Action.wpd

3

NY1 5133012v5